**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MELANIE HOOKS WILTSHIRE**                                                                  **PLAINTIFF**

**vs.**                                                              **CIVIL ACTION NO. 4:13CV255-SAA**

**COMMISSIONER OF SOCIAL SECURITY**                                          **DEFENDANT**


### ORDER GRANTING MOTION TO REMAND

Plaintiff Melanie Hooks Wiltshire has filed suit under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act. Docket 9, p. 110. The Commissioner moved to remand under the fourth sentence of 42 U.S.C. § 405(g). Docket 14. Plaintiff objected to the motion, responded on the merits and also has filed additional briefing as requested by the court. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

The Commissioner's Motion to Remand acknowledges that the record before the ALJ did not contain certain evidence proffered at the Appeals Council stage, and the appeal should be remanded so that the ALJ can "consider all evidence of record and reassess Plaintiff's back pain and residual functional capacity." Docket 15, p. 2. Plaintiff objects to the requested remand and asserts that the court should instead award benefits because her impairments meet the requirement for a finding of disability pursuant to Listing 1.04A. However, review of the additional briefing provided by plaintiff, makes clear that the evidence demonstrating that

plaintiff does in fact meet a listing is contained in documents that were not – but that the

Commissioner acknowledges should have been – made part of the official record on appeal.

Because these records are not part of the record filed in this court, the court may not consider

them in evaluating whether plaintiff's impairments meet a listing.[1]  Remand is necessary for an

ALJ to properly include these records in the transcript and reevaluate plaintiff's impairments and

residual functional capacity.  The Commissioner's Motion to Remand is therefore GRANTED.

SO ORDERED, this, the 10th day of September, 2014.


 _/s/ S. Allan Alexander_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *Haywood v. Sullivan*, 888 F.2d 1463, 1471(5th Cir. 1989) ("We do not issue factual findings on new medical evidence. [I]t is not our job as an appellate court to examine new evidentiary materials and find issues of fact.  Thus, our review in this situation is limited to determining whether to remand for the consideration of the newly presented evidence.  Under 42 U.S.C. §405(g), which controls the scope of our review, we may remand to the Secretary upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .") (internal citations omitted).